UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND O'MALLEY, | 1:12-CV-01048 BAM HC |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES D. HARTLEY, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On June 7, 2012, Petitioner filed the instant petition for writ of habeas corpus. Petitioner challenges the California court decisions upholding a June 9, 2011, decision of the California Board of Parole Hearings. Petitioner takes issue with a psychological evaluation prepared in advance of the parole hearing. He further claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

On January 24, 2011, the Supreme Court decided <u>Swarthout v. Cooke</u>, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011). In <u>Swarthout</u>, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's

1  business." The federal habeas court's inquiry into whether a prisoner denied parole received due
2  process is limited to determining whether the prisoner "was allowed an opportunity to be heard and
3  was provided a statement of the reasons why parole was denied." Id., *citing*, Greenholtz v. Inmates of
4  Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). Petitioner does not dispute that he
5  was provided an opportunity to be heard or a statement of reasons why parole was denied.
6  According to the Supreme Court, this is "the beginning and the end of the federal habeas courts'
7  inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. His
8  challenge to the psychological evaluation is therefore foreclosed. Likewise, his challenge to the
9  substantive decision of the parole board must also be rejected. The instant petition does not present
10  cognizable claims for relief and must be dismissed.

Certificate of Appealability

12  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
13  district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
14  El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue
15  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28  If a court denies a petitioner's petition, the court may only issue a certificate of appealability

"if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 26, 2012**          /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE